[relates to Docket Items 6,13 & 9]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHIM R. CALDWELL, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-4078 (JBS/JS) |
| v. | |
| VINELAND POLICE DEPARTMENT, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

   This matter is before the Court upon Plaintiff's motion for default judgment and for summary judgment [Docket Items 6 and 13], and Defendants' motion to dismiss the Complaint [Docket Item 9]. THIS COURT FINDS AS FOLLOWS:

   1. Plaintiff Rahim R. Caldwell filed this action on August 12, 2008, asserting a variety of constitutional claims against the City of Vineland, the Vineland Police Department, and two Vineland police officers. According to Plaintiff's allegations:

> [O]n the first day of June 2006 the defendants violated plaintiff[']s first amendment right to peaceful assembly during plaintiff[']s 5 hour 'equal rights for all' protest . . . . The defendants also violated plaintiff[']s Fifth Amendment right . . . due to the unlawful actions of defendants filing of false criminal charges against the plaintiff and placed plaintiff under arrest . . . . The defendants [also] violated plaintiff[']s fourteenth amendment right.

(Compl. at 1.)

2. The Court first addresses Plaintiff's motion for default judgment. The United States Marshal served copies of the Summons and Complaint upon all Defendants on September 17, 2008 [Docket Item 5]. Under Rule 12(a)(1)(A)(i), Fed. R. Civ. P., Defendants' answers were due by October 7, 2008. By October 24, 2008, none of the Defendants had filed answers. On that date, Plaintiff filed his motion for default judgment [Docket Item 6].

3. On November 7, 2008, Defendants filed their opposition to Plaintiff's motion for default judgment [Docket Item 8]. According to Defendants, Plaintiff's Complaint was served on Defendants' independent insurance agent, but due to an administrative oversight, the agent did not forward the Complaint to the insurance carrier or defense counsel until the end of October, 2008. (Defs.' Opp'n Br. at 2.) Defense counsel did not review the file until November 5, 2008, at which time he learned that a motion for default judgment had been filed. (Id.) On November 10, 2008, Defendants a motion to dismiss in lieu of an answer [Docket Item 9].

4. The Court will construe Plaintiff's motion as one for default pursuant to Rule 55(a), Fed. R. Civ. P., not default judgment pursuant to Rule 55(b)(2), Fed. R. Civ. P., (default judgment where damages are not a sum certain). To succeed on a motion for default judgment, the plaintiff must show, inter alia, entry of default under Rule 55(a) and proof of damages. Comdyne

I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); GE Healthcare Fin. Servs. v. New Brunswick X-Ray Group, No. 05-833, 2007 WL 38851 at *3 (D.N.J. 2007) (citing Fed. R. Civ. P. 55(b)(2)).  In this case, Plaintiff did not seek entry of default, so no default was entered against Defendants.  Plaintiff likewise did not submit any proof of damages (or any other proof).

    5.   Though it would now be improper to enter default against Defendants, who have answered Plaintiff's Complaint and are no longer in default, because Plaintiff is proceeding pro se and because, had he filed the proper motion on October 24, 2008, default would have been available against Defendants under Rule 55(a) at that time, the Court will proceed as if default had been entered against Defendants on or about October 24, 2008.  The Court will also construe Defendants' opposition to be a motion to set aside default.  Defendants' opposition addresses the same factors to be applied when seeking to vacate an entry of default.

    6.   Under Rule 55(c), Fed. R. Civ. P., "the court may set aside an entry of default for good cause . . ."  In ruling on a Rule 55(c) motion, "a district court must consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result

of the defendant's culpable conduct." Dambach v. United States, 211 Fed. Appx. 105, 109 (3d Cir. 2006) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984)). As the Court of Appeals has consistently emphasized, "doubts should be resolved in favor of reaching a decision on the merits." Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984) (citation omitted).

    7. Applying these considerations to this case, the Court will set aside the default that would have been entered against Defendants and deny Plaintiff's motion for default judgment. First, there is no suggestion that Plaintiff was prejudiced by Defendants' one-month delay in filing a responsive pleading. "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening [of] a default [] entered at an early stage of the proceeding." Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982). There is, moreover, no indication that Plaintiff would risk the "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment to support a finding of prejudice." Id. In the absence of any showing of unfair prejudice, the Court concludes that the first factor weighs in favor of granting Defendants' application to set aside the entry of default.

8.  The Court further concludes that Defendants' "allegations, if established at trial, would constitute a complete defense to the action." Dambach, 211 Fed. Appx. at 109. Defendants have raised a statute of limitations defense which, the Court explains infra, is largely meritorious. The second Rule 55(c) factor thus weighs in Defendants' favor.

9.  Finally, there is nothing before the Court to suggest that "the default was the result of the defendant's culpable conduct." Dambach, 211 Fed. Appx. at 109. The delay in Defendants' filing was the fault of their independent insurance agent and their attorney, not Defendants themselves, which tips the third Rule 55(c) factor further in Defendants' favor. Plaintiff's motion for default judgment will thus be denied.

10. The Court next addresses Defendants' motion to dismiss.[1] Defendants argue that Plaintiff's claims are barred by the statute of limitations. "Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules." Hardin v. Straub, 490 U.S. 536, 539 (1989) (internal quotations and

---

[1] On a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

citations omitted).  In New Jersey, section 1983 claims are governed by the statute of limitations for personal injury claims, Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989), which requires that such actions be "commenced within two years . . . after the cause of any such action . . . [has] accrued."  N.J.S.A. 2A:14-2.  A claim brought pursuant to section 1983 "accrues when the plaintiff knew or should have known of the injury upon which its action is based."  Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).  A court may, upon a motion to dismiss, dismiss a claim on statute of limitations grounds if the untimeliness of the claim is apparent on the face of the complaint.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

    11.  As to the majority of Plaintiff's claims, the untimeliness of Plaintiff's claims is apparent on the face of the Complaint.  The claims at issue herein all arise out of Defendants' alleged interference with Plaintiff's "equal rights for all protest," which, the Complaint makes plain, occurred "on the first day of June 2006 . . ."  (Compl. at 1.)  Plaintiff's First Amendment and Fourteenth Amendment claims accrued on June 1, 2006, making the August 12, 2008 commencement of this action untimely.  See N.J.S.A. 2A:14-2.  Additionally, to the extent that Plaintiff's Complaint can be read to assert a claim for

6

false arrest, this claim is likewise untimely.  See Montgomery v. De Simone, 159 F.3d 120, 126 n. 5 (3d Cir. 1998) (recognizing that, unlike malicious prosecution claims, "false arrest . . . claims accrue[] [at the time of the plaintiff's] arrest").  The Court will thus grant Defendants' motion to dismiss Plaintiff's First Amendment and Fourteenth Amendment claims, as well as his claim for false arrest, finding from the face of the Complaint that these claims are time-barred.  See Oshiver, 38 F.3d at 1384 n.1.

12.  To the extent that Plaintiff's Complaint can be read to assert a claim for malicious prosecution,[2] however, such a claim is not manifestly untimely.  A malicious prosecution claim does not begin to accrue until "the underlying criminal proceedings are terminated in the plaintiff's favor."  Rose v. Bartle, 871 F.2d 331, 348 (3d Cir. 1989).  Because it is not clear when the underlying criminal proceedings concluded in Plaintiff's favor, the Court cannot find that Plaintiff's malicious prosecution claim is untimely on its face.  This aspect of Plaintiff's Complaint will thus survive Defendants' motion to dismiss.

13.  The Court will not dwell long on Plaintiff's motion for summary judgment.  In the single paragraph Plaintiff submits in support of his motion, Plaintiff simply reiterates his allegation

---

[2] Plaintiff alleges that Defendants filed "false criminal charges against the plaintiff . . ."  (Compl. at 1.)

that "Defendants interfered with Plaintiff[']s U.S. right to peaceful assembly and other rights." (Pl.'s Br. at 1.) The Court certainly cannot conclude from this unsupported assertion that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Plaintiff's motion for summary judgment will thus be denied.

14. For the reasons discussed above, the Court will deny Plaintiff's motions for default judgment and summary judgment, and will grant in part and deny in part Defendants' motion to dismiss. Plaintiff's sole remaining claim is for malicious prosecution, as to which the denial of Defendants' motion to dismiss on statute of limitations grounds is without prejudice to filing an appropriate motion supplying a factual basis for untimeliness or otherwise addressing Plaintiff's malicious prosecution claim. The accompanying Order is entered.


**June 1, 2009**                              **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              United States District Judge