IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAHIM R. CALDWELL, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-4078 (JBS/KMW) |
| v. |  |
| VINELAND POLICE DEPARTMENT, et al., | **MEMORANDUM OPINION** |
| Defendants. |  |

**SIMANDLE**, District Judge:

  This matter is before the Court upon Plaintiff's motion for reconsideration [Docket Item 19] of the Court's June 1, 2009 Memorandum Opinion and Order [Docket Items 17 and 18]. THIS COURT FINDS AS FOLLOWS:

  1. In this action, Plaintiff Rahim R. Caldwell, proceeding pro se, asserts a variety of constitutional claims against the City of Vineland, the Vineland Police Department, and two Vineland police officers. According to Plaintiff's allegations:

> [O]n the first day of June 2006 the defendants violated plaintiff[']s first amendment right to peaceful assembly during plaintiff[']s 5 hour 'equal rights for all' protest . . . . The defendants also violated plaintiff[']s Fifth Amendment right . . . due to the unlawful actions of defendants filing of false criminal charges against the plaintiff and placed plaintiff under arrest . . . . The defendants [also] violated plaintiff[']s fourteenth amendment right.

(Compl. at 1.)

  2. Due to an administrative error, the Docket in this matter originally indicated that the Complaint was filed on

August 12, 2008.  It was on August 19, 2008, that the Court granted the application to file the case without prepayment of fees, while the complaint had actually been received by the Clerk's Office on June 2, 2008.  This error was corrected on June 5, 2009, when the Docket was modified to reflect the correct filing date for Plaintiff's Complaint, which in fact was June 2, 2008 [Docket Item 1].  This correction of filing dates occurred after this Court entered its June 1, 2009 Opinion and Order upon which reconsideration is now sought.

3.  Prior to the correction of this error, Defendants moved to dismiss Plaintiff's Complaint, and the Court granted in part and denied in part Defendants' motion in its June 1, 2009 Memorandum Opinion and Order [Docket Item 17 and 18].  The Court explained:

> "Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules." Hardin v. Straub, 490 U.S. 536, 539 (1989) (internal quotations and citations omitted).  In New Jersey, section 1983 claims are governed by the statute of limitations for personal injury claims, Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989), which requires that such actions be "commenced within two years . . . after the cause of any such action . . . [has] accrued." N.J.S.A. 2A:14-2.  A claim brought pursuant to section 1983 "accrues when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).  A court may, upon a motion to dismiss, dismiss a claim on statute of limitations grounds if the untimeliness of the claim is apparent on the face of the complaint.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

2

> As to the majority of Plaintiff's claims, the untimeliness of Plaintiff's claims is apparent on the face of the Complaint. The claims at issue herein all arise out of Defendants' alleged interference with Plaintiff's "equal rights for all protest," which, the Complaint makes plain, occurred "on the first day of June 2006 . . ." (Compl. at 1.) Plaintiff's First Amendment and Fourteenth Amendment claims accrued on June 1, 2006, making the August 12, 2008 commencement of this action untimely. See N.J.S.A. 2A:14-2. Additionally, to the extent that Plaintiff's Complaint can be read to assert a claim for false arrest, this claim is likewise untimely. See Montgomery v. De Simone, 159 F.3d 120, 126 n. 5 (3d Cir. 1998) (recognizing that, unlike malicious prosecution claims, "false arrest . . . claims accrue[] [at the time of the plaintiff's] arrest").

(Docket Item 17 at 5-7.)

4. In light of the fact that Plaintiff had alleged that Defendants filed "false criminal charges against the plaintiff . . ." (Compl. at 1), and in view of Plaintiff's pro se status, the Court liberally construed the Complaint to assert a claim for malicious prosecution. (Docket Item 17 at 7.) As to that claim, the Court explained that it was not facially untimely:

> A malicious prosecution claim does not begin to accrue until "the underlying criminal proceedings are terminated in the plaintiff's favor." Rose v. Bartle, 871 F.2d 331, 348 (3d Cir. 1989). Because it is not clear when the underlying criminal proceedings concluded in Plaintiff's favor, the Court cannot find that Plaintiff's malicious prosecution claim is untimely on its face. This aspect of Plaintiff's Complaint will thus survive Defendants' motion to dismiss.

(Id.)

5. Plaintiff has filed a motion pursuant to Rule 7.1(i), L. Civ. R., for reconsideration of the June 1, 2009 Memorandum Opinion and Order, in which he argues (1) that he timely filed

his Complaint, which was signed on May 30, 2008 and filed with the Clerk of the Court on June 2, 2008, and (2) that he does not intend to assert a claim for malicious prosecution.

6.   The Court will grant Plaintiff's motion.  To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

7.   Plaintiff argues, and the Court agrees, that its dismissal of his claims (with the exception of the malicious prosecution claim) was premised upon an error of fact of when Plaintiff's Complaint was received by the Clerk of Court.  As Plaintiff argues, and as the Docket now reflects, Plaintiff mailed the Complaint in this matter on May 30, 2008, and it was filed upon arrival at the Clerk's Office on June 2, 2008, a Monday.  Because Plaintiff could not have filed the Complaint on the final day of the limitations period, June 1, 2008, which was a Sunday, "the [limitations] period [ran] until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible." Fed. R. Civ. P. 6(a)(3).  Plaintiff's Complaint was received by the Clerk of Court on Monday, June 2, 2008, and was thus filed within the two-

4

year limitations period.  <u>See</u> <u>id.</u> The Court's dismissal of Plaintiff's First Amendment, Fourteenth Amendment, and false arrest claims due to facial untimeliness was in error, and his motion for reconsideration of the Court's dismissal of these claims will be granted.

    8.  In his motion for reconsideration, Plaintiff further asserts that he "at no time made a claim of malicious prosecution," (Docket Item 19 at 1), arguing that the Court's preservation of a potentially timely malicious prosecution claim was in error.  Recognizing that "the party who brings a suit is master to decide what law he will rely upon," <u>The Fair v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25 (1913), and considering Plaintiff's disclaimer of any intent to pursue a malicious prosecution claim, (Docket Item 19 at 1), the Court will reconsider its determination that Plaintiff had asserted a malicious prosecution claim, which Plaintiff makes clear he does not wish to pursue.  Consistent with Plaintiff's wish not to pursue a malicious prosecution claim, the Court hereby reconsiders the June 1, 2009 Opinion to the extent that the Opinion discerned a malicious prosecution claim in Plaintiff's Complaint, and concludes that no malicious prosecution claim is asserted in this action.

9.  The accompanying Order is entered granting Plaintiff's motion for reconsideration, restoring the dismissed claims as timely filed, and dismissing any claim for malicious prosecution.


**July 23, 2009**                                **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 United States District Judge