```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RAHIM R. CALDWELL, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-4078 (JBS) |
| v. | |
| VINELAND POLICE DEPARTMENT, et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Mr. Rahim R. Caldwell
P.O. Box 2134
Vineland, NJ 08362-2134
    Plaintiff *Pro Se*

Paola F. Kaczynski, Esq.
WILLIAM J. FERREN & ASSOCIATES
1500 Market Street Suite 2920
Philadelphia, PA 19102
    Counsel for Defendants

**SIMANDLE**, District Judge:

## I.   INTRODUCTION

This matter is before the Court on Defendants' motion to dismiss based on Plaintiff's failure to appear for his deposition [Docket Items 35]. Plaintiff opposes this motion and filed a "crossmotion," which appears to be merely another reason for his opposition, related to Rule 28(c). [Docket Item 40.] For the reasons explained below, the Court will grant Defendants' motion and deny the crossmotion.

## II. BACKGROUND

Plaintiff, proceeding without a lawyer, filed this action against Defendants on June 2, 2008 alleging that Defendants violated various of his constitutional rights by unlawfully stopping and arresting him [Docket Item 1]. On July 7, 2009, Magistrate Judge Williams denied Plaintiff's request for a protective order to prevent him from being deposed by Defendants. [Docket Item 22]. Plaintiff was ordered to appear for his deposition. [Id.]

On July 15, 2009, Plaintiff filed a document seeking reconsideration of Judge Williams July 7, 2009 Order. [Docket Item 23]. Among other things, Plaintiff argued that he was exempt from depositions under Rule 26(B)(i) and (viii), Fed. R. Civ. P., which provide for exemptions from initial disclosure in actions involving review on an administrative record and proceedings ancillary to proceedings in another court, respectively. [Docket Item 23.] This motion for reconsideration was denied on September 4, 2009. [Docket Item 34.]

Defendants scheduled Plaintiff's deposition for November 20, 2009 at 10:00 AM and mailed a copy of the notice of deposition to Plaintiff via regular and certified mail, which Plaintiff received on October 23, 2009. (Kacynzski Cert., Exs. A and B.) Plaintiff failed to appear. (Id., Ex-C.) On January 11, 2010, Defendants moved to dismiss this case pursuant to Rule

2

37(b)(2)(C) because of Plaintiff's failure to appear at a November 20, 2009 deposition. [Docket Item 35.]

## III. DISCUSSION

### A. Standard of Review

Pursuant to Rule 37(b)(2)(A)(v), Fed. R. Civ. P., a court may dismiss an action where a plaintiff fails to obey a discovery order. In determining whether dismissal is an appropriate sanction for violation of a discovery order, courts will generally consider the factors outlined in Poulis v. State Farm Fire and Casualty, 747 F.2d 863 (3d Cir. 1984), though such analysis is not always necessary. Dover v. Diguglielmo, 181 F. App'x 234, 237-38 (3d Cir. 2006) ("[A] Poulis analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal.") The six Poulis factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) availability of alternative sanctions; and, (6) the meritoriousness of the claim. Poulis, 747 F.2d at 868.

### B. Analysis

The Court finds that all the Poulis factors support

dismissal. Plaintiff, who is appearing <u>pro se</u>, is personally responsible for his failure to appear at the Court-ordered deposition. Mr. Caldwell is a frequent litigant in this Court. And he has recently had cases dismissed based on his refusal to attend depositions. <u>See, e.g.</u>, <u>Caldwell v. Vineland Police Dept.</u>, Civil No. 08-4099 (JBS/KMW), 2010 WL 703179 (D.N.J. February 23, 2010). He offers no explanation for his failure to attend the deposition in question here. Instead, he makes three meritless arguments: that Defendants' motion should be denied because Defendants rely on the inapplicable Rule 42, which they do not; because the Court had not compelled deposition, which it had; and because the Court had not ruled on his Rule 26 exemption argument prior to the November deposition, which it had.

Defendants are severely prejudiced because they cannot proceed with their defense without deposing Plaintiff. Plaintiff has a history of dilatoriness in this and his other recent actions against this defendant. His history of having actions dismissed for failure to attend depositions suggests that this conduct is willful and in bad faith. No other effective sanction is available because the case cannot proceed without Plaintiff submitting to a deposition. <u>See</u> <u>Dover</u>, 181 Fed. App'x at 237-38. Finally, the Court cannot determine whether Plaintiff's claims have merit because Plaintiff has refused to be deposed and has submitted no evidence in support of his own action.

4

Consequently, the Court will grant Defendants' motion and dismiss the action due to Plaintiff's refusal to appear for his Court-ordered deposition.

### B. Plaintiff's Crossmotion

Plaintiff's crossmotion seems to argue that the November deposition was improper under Rule 28(c) because of something to do with former counsel for Defendant, David Karamessinis. The paragraph supporting the crossmotion is largely incomprehensible. For example, Plaintiff cites "documents of docket date 7/17/09," which would apparently refer to his own earlier motion for reconsideration of Judge Williams' denial of his motion for protective order, entered on the docket on July 17, 2009 [Docket Item 22]; that document contains no reference to any allegation that the court reporter was disqualified from appearing at the deposition under Rule 28(c), nor could it, since the deposition was not convened until four months later on November 20, 2009, when Plaintiff failed to appear. The Court has no reason to believe that Mary E. Brien, the notary public and professional reporter before whom the deposition was held, was disqualified under Rule 28(c), Fed. R. Civ. P. The crossmotion will therefore be denied.

## IV. CONCLUSION

As Mr. Caldwell should have learned before, his refusal to attend his deposition will require dismissal of his Complaint. If this pattern of conduct continues, it may serve as grounds for further sanctions against Mr. Caldwell, such as sanctions under Rule 11, Fed. R. Civ. P.  The accompanying Order is entered.

June 18, 2010
Date

JEROME B. SIMANDLE
United States District Judge